MILLS, Judge.
The jury found Purifoy guilty of possession of more than five grams of cannabis. The State’s proof showed that the cannabis weighed 7.05 grams which included a piece of a stem. Purifoy argues that the evidence adduced is insufficient to support the charge that Purifoy had more than five grams of cannabis.
The statutory definition of cannabis excludes certain parts of the plant, such as mature stalks. Section 893.02(2), Florida Statutes (1975). Purifoy contends that he was entitled to a judgment of acquittal or a new trial because the 7.05 grams of cannabis contained pieces of stems which were excluded by Section 893.02(2). The statute does not define mature stalks. Purifoy urges that stem is synonymous with stalk. The State’s expert witness considered a stem to be the little side branches of the plant and a stalk to be the major stalk of the plant. Although we are of the opinion that to give the words mature stalks their usual and ordinary meaning, we would agree with the expert’s definition, it is immaterial here. Section 893.10(1), Florida Statutes (1975), expressly provides that it is not necessary for the State to negate any exception at trial, the burden of proof being upon the person claiming the exception. In this case, Purifoy failed to carry his burden of showing that the 7.05 grams of cannabis, including a piece of a stem, did not weigh more than five grams after excluding the weight of the piece of stem.
The judgment and sentence are affirmed.
BOYER, C. J., and McCORD, J., concur specially.