359 So.2d 446 (1978)
John Lee PURIFOY, Petitioner,
v.
STATE of Florida, Respondent.
No. 51273.
Supreme Court of Florida.
May 18, 1978.
*447 Louis G. Carres, Asst. Public Defender, Tallahassee, for petitioner.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., Tallahassee, for respondent.
ENGLAND, Justice.
A panel of judges in the First District Court of Appeal has ruled,[1] contrary to the Second, Third and Fourth District Courts of Appeal,[2] and another panel in the same court,[3] that a person charged with the crime of possessing more than five grams of cannabis (marijuana) has the burden of proving that the physical evidence used against him to establish the crime does not weigh in excess of five grams. The district court below relieved the state of proving that the cannabis in petitioner's possession exceeded five grams in weight, on the ground that an aggregation of prohibited cannabis and non-prohibited "mature [plant] stalks" weighed 7.05 grams, and that it was petitioner's burden to prove that the prohibited matter in the mixture weighed five grams or less. This conflict of decisions gives rise to our jurisdiction.[4]
Section 893.02(2), Florida Statutes (1975), defines "cannabis" to exclude "the mature stalks of the plant". Purifoy was convicted of possessing more than five grams of cannabis, in violation of Section 893.13(1)(e), Florida Statutes (1975), and was sentenced to three years imprisonment. At trial the state proved that he possessed a quantity of cannabis weighing 7.05 grams. The state's expert witness testified that although this weight included pieces of stems, he did not consider stems to be "mature stalks" within the exclusion of Section 893.02(2).[5] On appeal of his conviction, Purifoy contended *448 that stems, being stalks, should have been excluded from the cannabis introduced into evidence, and that his conviction should have been reversed because the evidence was insufficient to support the charge of possessing more than five grams. In effect, he asserted that the state has the burden of proving that the cannabis he possessed weighed more than five grams after excluding all stems and stalks, and that not having done so the state failed to prove an essential element of the crime.
The district court affirmed Purifoy's conviction. Although agreeing with the state's expert that stems are not "mature stalks", it held that the definitional issue was "immaterial" because Section 893.10(1), Florida Statutes (1975), expressly relieves the state of negating "any exemption or exception" in the Florida Comprehensive Drug Abuse Prevention and Control Act, Chapter 893, Florida Statutes (1975). Having assigned the burden of proof to Purifoy, the district court then held that he "failed to carry his burden of showing that the 7.05 grams of cannabis, including a piece of a stem, did not weigh more than five grams after excluding the weight of the piece of stem."[6]
There are three questions presented in this case. The first is whether the exclusion of "mature stalks" in the statutory definition of cannabis is an "exemption or exception" within the meaning of Section 893.10(1). The second is whether the state or a defendant has the burden of establishing the quantity of prohibited matter where it is mixed with non-prohibited matter. The third is whether stems are stalks within the purview of Section 893.02(2).
1. Although Section 893.10(1) does not define precisely the types of "exemption or exception" to which it applies, we had occasion to interpret the predecessor to this provision, Section 398.20, Florida Statutes (1967), in Falcon v. State, 226 So.2d 399 (Fla. 1969). We there held that it was permissible for the legislature to require a defendant to carry the burden of establishing his exempt status in defense of a prosecution for possession of a narcotic drug. Implicit in our decision was a construction of the statute which would limit exemptions from the law to those enumerated expressly, in contrast to definitional matters which establish the essential elements of a crime.[7]
There are several enumerated exemptions and exceptions to this comprehensive statute dealing with so-called "controlled substances".[8] Section 893.04 exempts pharmacists who dispense controlled substances under certain conditions. Sections 893.05 and 893.06 exempt physicians, certain other types of practitioners, manufacturers, others in the chain of legitimate distribution, hospitals and various laboratories, from the prohibitions of the act. Section 893.08, entitled "Exceptions", permits retail sales of certain scheduled substances without a prescription under certain identified circumstances. It seems apparent that the exemptions and exceptions mentioned in Section 893.10(1) have reference to these various provisions of the law, which are in the nature of affirmative defenses to a prosecution for possession of a prohibited substance.[9]
The crucial difference between an 893.02(2) exclusion and 893.10(1) exemption (or exception) is that one who claims the benefits of the latter in effect admits possession of the contraband but claims that his possession was expressly authorized by law. In contrast, defendants (such as Purifoy) who claim the benefit of the former deny that the matter in their possession is a prohibited substance. In other words, Section 893.10(1) provides an excuse for what would otherwise be criminal conduct, and *449 the burden of establishing that excuse properly rests as a matter of defense on the individual claiming it since there is nothing to excuse until the state has proven the elements of a crime. Section 893.02(2), however, simply tests whether particular conduct is in fact criminal. To ignore this distinction is to relieve the state of proving an essential element of the crime and to require the accused to establish his innocence. We must reject the latter construction of the statute for obvious constitutional reasons, and because there is no indication the legislature intended the effect that it would produce.
2. No one disputes that the state must establish a prima facie case of guilt by showing that the accused was in possession of a prohibited substance, and for this crime that the amount in his possession exceeded five grams by weight. Absent that showing, the accused is entitled to acquittal without the necessity of offering any defense whatsoever.[10] The parts of the cannabis plant listed in the second sentence of Section 893.02(2), which include "the mature stalks of the plant", are by definition not prohibited substances. In order to obtain a felony conviction, then, the state has the burden of proving that the quantity found in the defendant's possession exceeds five grams after all excluded matter has been removed. This is essentially what the other district courts concluded.
In a case such as this, where a portion of the substance introduced by the state as contraband is claimed by the defendant to be non-prohibited matter, it becomes the state's burden to prove that the weight of the contraband matter alone exceeds the statutory threshold of five grams. To hold otherwise would not only place an intolerable burden on criminal defendants, but would contravene the fundamental rule that the prosecution must prove every essential element of the crime charged. See, e.g., Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); see also Pinder v. State, 53 So.2d 639 (Fla. 1951); Cordell v. State, 157 Fla. 295, 25 So.2d 885 (1946); Wood v. State, 155 Fla. 256, 19 So.2d 872 (1944); Rivers v. State, 140 Fla. 487, 192 So. 190 (1939); Campbell v. State, 92 Fla. 775, 109 So. 809 (1926).
3. The district court agreed with the state's expert witness that stems are not "mature stalks", although that conclusion was not essential to its decision. In light of our decisions on the first two issues, it is now necessary to consider whether the district court correctly differentiated stalks from stems. The state argues that the legislature did not penalize possession of those portions of the plant which have legitimate commercial utility, such as mature cannabis stalks, and that this rationale does not justify the exclusion of stems.[11] That may indeed have been the legislative goal. It could not be achieved, however, in the face of the constitutional need for clarity in defining conduct for which criminal sanctions may be imposed.[12] The lack of clarity in the distinction between stems and stalks generally is exacerbated by the obvious fact that once a cannabis plant has been processed *450 from its original state, it becomes impossible to determine with any degree of certainty whether a particular piece of fibrous matter came from the main stalk, as the state's expert would limit the excluded portion, or from the side branches.[13]
We are unable to discern any meaningful distinction between stalks and stems as a practical matter, or in the ordinary understanding of those terms.[14] As a consequence, we cannot give effect to the distinction which the state suggests was intended by the legislature.
"Even where a court is convinced that the Legislature really meant and intended something not expressed in the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of the language which is free from ambiguity." Van Pelt v. Hilliard, 75 Fla. 792, 798, 78 So. 693, 694 (1918).
We are compelled, therefore, to resolve the uncertainty in favor of the accused[15] and to hold that stems must be excluded when determining whether a particular amount of cannabis exceeds the five-gram felony standard.
For these reasons the decision of the district court is quashed and this case is remanded for further proceedings not inconsistent with this opinion.
OVERTON, C.J., SUNDBERG and ALDERMAN, JJ., concur.
HATCHETT, J., dissents.
NOTES
[1] Purifoy v. State, 342 So.2d 560 (Fla. 1st DCA 1977).
[2] Pope v. State, 268 So.2d 173 (Fla. 2d DCA 1972); Samet v. State, 284 So.2d 450 (Fla. 3d DCA 1973); Gunn v. State, 336 So.2d 687 (Fla. 4th DCA 1976).
[3] Fotianos v. State, 329 So.2d 397 (Fla. 1st DCA 1976).
[4] Art. V, § 3(b)(3), Fla. Const.
[5] This expert's view was that the "mature stalks" to which the statute refers means only the major stalk of the plant, and that the stems in evidence were "the little side branches". This differentiation was found logical, and adopted by Judge McCord, concurring specially in the decision below. 342 So.2d at 561.
[6] 342 So.2d at 561.
[7] See also State v. Kahler, 232 So.2d 166 (Fla. 1970), distinguishing between a defendant's proof of an exception and the state's burden of proving all elements of a crime.
[8] § 893.02(3), Fla. Stat. (1975).
[9] See Pope v. State, 268 So.2d 173, 176 (Fla. 2d DCA 1972) (on rehearing).
[10] See Fla.R.Crim.P. 3.380. See generally 29 Am.Jur.2d Evidence § 148 (1967); 1 Wharton's Criminal Evidence § 19 (13th ed. 1972); 9 Wigmore on Evidence § 2511 (3d ed. 1940).
[11] Even if we accept the state's premise, its reliance on the writings of botanist R.E. Schultes in The Botany and Chemistry of Cannabis 12-13 (1970) is at best contradictory. The author writes:

"Cannabis sativa ... has served man long and well as the source of fibre from its stem; of an oil from its seed; of a narcotic drug from its resin." (Emphasis supplied.)
If usable fiber may be extracted from stems as well as stalks (as the state would have us distinguish those terms), then this author suggests no basis on which to differentiate one from the other in terms of utility. If the author is referring only to the main stalk, then the interchangeability of the terms "stems" and "stalks" produces an insurmountable difficulty of another sort for the state. See text accompanying notes 12-13 below.
[12] See, e.g., Locklin v. Pridgeon, 158 Fla. 737, 30 So.2d 102 (1947); Brock v. Hardie, 114 Fla. 670, 154 So. 690 (1934). Of course, a statute need only define the proscribed conduct with reasonable certainty to meet the requirements of due process. See Smith v. State, 237 So.2d 139 (Fla. 1970).
[13] It may be equally difficult, of course, to differentiate the main stalk of a small plant from a side branch of a large plant.
[14] We have seen that the two terms are used interchangeably by scientists. See note 11 above. See also Webster's Third New International Dictionary (Unabridged) 2221 (1968) (defining "stalk" as "the main stem of an herbaceous plant often with its dependent parts (as leaves, twigs, fruit)... .") (emphasis added).
[15] § 775.021(1), Fla. Stat. (1975); Bradley v. State, 79 Fla. 651, 84 So. 677 (1920); Ex parte Bailey, 39 Fla. 734, 23 So. 552 (1897).