ERVIN, Judge.
Dorsey’s appeal from his conviction for unlawful possession of more than five grams of cannabis urges that the lower court erred in failing to grant his motion for judgment of acquittal since the state failed to prove the cannabis, after excluding non-prohibited stems and stalks,[1] was in excess of five grams. He relies upon Purifoy v. State, supra note 1, which held that the state has the burden of proving that the quantity found in a defendant’s possession must exceed five grams after stems and stalks have been removed. We conclude the state met its burden and that the facts in Purifoy are easily distinguished from those here. In Purifoy, the aggregation of both prohibited cannabis and non-prohibited stalks and stems weighed only 7.05 grams. Here the total amount was 24.2 grams. In Purifoy there was no expert testimony, as here, that the controlled substance contained in cannabis, tetrahydroeannabinols,[2] when ground into small refined parts, contaminated the non-prohibited matter. Finally, the chemist’s opinion testimony was uncontradicted that the half gram which he tested was representative of the remaining untested 23.7 grams. See Ansley v. State, 302 So.2d 797 (Fla. 1st DCA 1974) and Wright v. State, 351 So.2d 1127 (Fla. 1st DCA 1977), affirming convictions upon similar testimony.
AFFIRMED.
SMITH, J., concurs.
MILLS, Acting C. J., dissenting.

. Section 893.02(2), Fla.Stat. (1977), excludes from its definition of cannabis mature stalks. Purifoy v. State, 359 So.2d 446 (Fla.1978), held that the stems of the plant are stalks within the purview of the statute.

. This is a Schedule I controlled substance under § 893.03(1 )(c) 17.