PER CURIAM.
This is an appeal from the Circuit Court in and for Alachua County. The appellant appeals a final order withholding adjudication of guilt and placing him on probation with a special condition of one year in jail and payment of $2,500 costs on a cocaine possession count based upon a jury verdict finding him guilty of possession of cocaine under Count Two of one information, and guilty of possession of more than five grams of cannabis under a second information. The two cases had been consolidated and were tried together.
Prior to trial motions to suppress were filed by appellant in each case and were denied. A motion for judgment of acquittal under Count Two of the second information which charged unlawful possession of drug paraphernalia was granted by the court.
At the trial the following facts developed: In 1977 the appellant attempted to board an airplane in the Gainesville airport. Before being allowed to board, appellant was required to submit himself and his carry-on baggage through a predeparture sereener. The agent handling the machine could not identify an object in his carry-on bag so she asked appellant for permission to examine his bag in his presence. The agent testified that defendant consented and pushed his bag toward her and then both proceeded to search going toward the unidentified object. However defendant testified he did not consent to the search. Elsa Powers, a prescreening inspector testified on deposition that defendant did not want to be checked. Upon the agent grasping a *994 toilet kit, the appellant grabbed his bag and proceeded to leave the area. The agent was left holding the toilet kit, which had come open in the process. She then handed the kit to Officer Sanders of the Gainesville Police Department who looked inside and saw five or six bags of marijuana. Under these bags he also saw a white powder and he began chasing appellant. Sanders yelled at appellant to stop, that he was under arrest, but appellant continued to flee, whereupon Sanders shot appellant in the foot. Appellant was arrested and taken to the hospital. The total weight of the cannabis taken from appellant was 47.2 grams gross weight which included seeds, stems and certain sticks.
An amended information was filed charging in Court One possession of cocaine with intent to sell or deliver and charging in Count Two simple possession of cocaine. In a separate case, an information was filed charging appellant with possession of more than five grams of cannabis and with possession of drug paraphernalia.
At trial, a state chemist testified that the substance was cannabis and that it weighed 47.2 grams. He also testified that based upon his tests, the white powder was illegal cocaine. Dr. Robert Shapiro, an expert in the .field of analysis of organic compounds, testified for appellant that there are eight isomers of cocaine and that it would not be possible to distinguish between the isomers based upon the tests that the state chemist used, and that in order to prove that the cocaine involved in a criminal case is the cocaine made illegal by statute, additional tests must be performed. Thus a conflict was presented to the jury on the issue of the character of the substance in question. The jury having resolved such conflict in favor of the State and against the appellant, it is not the province of this court to act as a second jury on this issue. We therefore find point three to be without merit for the evidence demonstrated that the illegal cocaine was a controlled substance within the definition of that term as proscribed by section 893.03(2)(a)4.
Appellant contends that the trial court erred in denying motions to suppress the evidence which revealed both the cocaine and cannabis, alleging that the search was unreasonable. We hold that the denial of such motions was not error. In so holding we determine that the airport screening employees conducted a proper search pursuant to appellant’s consent and that the evidence affirms that the search was reasonable under the circumstances. United States v. Cyzewski, 484 F.2d 509 (5th Cir. 1973). Therefore the judgment of conviction of unlawful possession of cocaine under Count Two of the information is affirmed.
We reverse the order of probation with reference to the cannabis count of the information for the reason that it was not proven beyond and to the exclusion of every reasonable doubt that the appellant was guilty of the possession of more than five grams of cannabis, and we remand such order to the trial court with direction to reduce the probation sentence commensurate with a misdemeanor charge of possession of less than five grams of cannabis. See Purifoy v. State, 359 So.2d 446 (Fla.1978).
Affirmed in part and reversed in part and remanded to the trial court for the purpose hereinbefore indicated.
MILLS, Acting C. J., and MASON, ERNEST E., Associate Judge, concur.
ERVIN, J., concurs in part and dissents in part.