379 So.2d 664 (1980)
Sheldon D. WOODWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 79-338/T2-13.
District Court of Appeal of Florida, Fifth District.
January 16, 1980.
Rehearing Denied February 15, 1980.
Milton M. Ferrell, Jr. of Ferrell & Ferrell, Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
DAUKSCH, Chief Judge.
On appeal is a conviction of possession of more than one hundred pounds of cannabis, a proscribed drug under section 893.03(1)(c), Florida Statutes (1977). In Hamilton v. State, 366 So.2d 8 (Fla. 1978), our Supreme Court ruled this statute constitutional when it was attacked by an allegation that it is arbitrary, irrational and against the best scientific evidence to classify it as a proscribed drug. Here the appellant has attacked Section 893.03(1)(c), Florida Statutes, by alleging that statute is so vague as to be unconstitutional. If we were not of the opinion that appellant's contentions regarding constitutionality are merely colorable, without substance and essentially frivolous, we would lack jurisdiction and would be required to transfer this *665 case to our Supreme Court. Article 5, Section 3(b)(1), Florida Constitution. Because our Supreme Court at least implicitly found the statute not unconstitutionally vague in Hamilton; Bourassa v. State, 366 So.2d 12 (Fla. 1978); Town v. State ex rel. Reno, 377 So.2d 648 (Fla. 1979); State v. Cheatham, 376 So.2d 1167 (Fla. 1979) and Cilento v. State, 377 So.2d 663 (Fla. 1979), we find no substance in the constitutional argument. We thus suppress our initial desire to send this case up to our Supreme Court. State v. Opitz, 357 So.2d 469 (Fla.2d DCA 1978); Simmons v. State, 354 So.2d 1211 (Fla. 1978).
As to the following remaining points appellant raises alleging error, we find the evidence was sufficient to support the conviction, the alleged search and seizure question was not properly preserved for appellate review, the alleged discovery rule violation does not require reversal, the insubstantial attempt to disqualify the trial judge warrants no further comment and the error alleged in regard to the procedure in court regarding certain evidence lacks the prejudicial effect to warrant reversal.
Finally, and most interestingly, the appellant alleges a lack of proof he possessed more than five grams of marijuana because the chemist expert witness did not separate the stems and stalks from the leaves before determining there was more than five grams so as to warrant a felony conviction, or in this case the more serious felony of possession of more than one hundred pounds. In Purifoy v. State, 359 So.2d 446 (Fla. 1978), it was held that the state has the burden of proving the weight of the marijuana the accused possessed, and must prove that the measurement excluded the plants' stalks and stems because it is not illegal to possess stalks and stems. We do no violence to the rule announced in Purifoy when we uphold the conviction of this appellant for possession of more than one hundred pounds when it was proved he and others possessed approximately thirty-eight thousand pounds. In that gross weight we are certain at least one hundred pounds were the prohibited drug. It defies logic to assume that a midnight off-loading of bales of marijuana from a large ship to a small boat and then into vans on shore is the legal delivery of stems and stalks for the manufacture of hemp rope rather than the delivery of the leaves for their consumption in an illegal manner. Some of the contents of various bales were removed and analyzed and found to contain prohibited cannabis. The evidence is legally sufficient to prove appellant and others possessed all of the nineteen tons so it follows from the proof that appellant was properly convicted.
AFFIRMED.
COBB and SHARP, JJ., concur.