381 So.2d 1154 (1980)
Michael P. McINTIRE, Appellant,
v.
STATE of Florida, Appellee.
No. 78-101/T4-43.
District Court of Appeal of Florida, Fifth District.
February 27, 1980.
Rehearing Denied April 3, 1980.
James M. Russ and I. Paul Mandelkern of Law Offices of James M. Russ, Orlando, for appellant.
*1155 Jim Smith, Atty. Gen., Tallahassee, and John D. Cecilian, Asst. Atty. Gen., West Palm Beach, for appellee.
SHARP, Judge.
The Appellant was convicted in the trial court of the felony offense of delivery of cannabis in excess of five grams. Testimony at trial revealed that the weight of the cannabis, including stems but excluding stalks, was seven grams. Subsequent to Appellant's conviction the Florida Supreme Court rendered it's decision in Purifoy v. State, 359 So.2d 446 (Fla. 1978). The Court held that because there is no difference between stems and stalks, the measuring of cannabis should exclude both stems and stalks. Disposition of a case on appeal should be made in accordance with the law in effect at the time of the appellate decision rather than the law in effect at the time the judgment was rendered. Hendeles v. Sanford Auto Auction, Inc., 364 So.2d 467 (Fla. 1978). In applying Purifoy to the case at bar we find the evidence insufficient to prove delivery of cannabis in excess of five grams. The evidence, however, does support a conviction for the lesser included offense of delivery of not more than five grams of cannabis, a misdemeanor of the first degree. Sec. 893.13, Fla. Stat. (1977).
We REVERSE AND REMAND to the trial court with directions for entry of a judgment of conviction for the lesser included offense of delivery of not more than five grams of cannabis. Sec. 924.34, Fla. Stat. (1973).
DAUKSCH, C.J., and UPCHURCH, J., concur.