PER CURIAM.
The appellant, George Blair, was found along with two companions aboard a boat which was stopped during the morning hours and searched by a marine patrol officer. The search revealed the presence of a large quantity of marijuana. Appellant was charged and subsequently convicted of possession of marijuana in excess of one hundred pounds. Hence this appeal.
Appellant has challenged the sufficiency of the evidence to sustain his conviction. At trial, the total weight of the marijuana admitted into evidence was 197 pounds, 20 ounces. However, this gross weight included the weight of burlap and plastic bags used to wrap the bales, as well as the weight of the stems and stalks of the mature marijuana plant. Appellant now urges that since the state presented no evidence as to the actual weight of the prohibited substance, which is an essential element of the crime charged, the trial court erred in denying appellant’s motion for judgment of acquittal under the rule set forth in Purifoy v. State, 359 So.2d 446 (Fla.1978). We agree.
In Purifoy v. State, id., our supreme court noted that Section 893.02(2), Florida Statutes (1977), defines “cannabis” to exclude “the mature stalks of the plant.” The term “stalks” includes “stems.” Purifoy v. State, id. After determining that Section 893.-02(2) expressly excludes the possession of “stalks” from its definition of criminal conduct, the court continued:
No one disputes that the state must establish a prima facie case of guilt by showing that the accused was in possession of a prohibited substance, and for this crime that the amount in his possession exceeded five grams by weight. Absent that showing, the accused is entitled to acquittal without the necessity of offering any defense whatsoever. The parts of the cannabis plant listed in the second sentence of Section 893.02(2), which include “the mature stalks of the plant,” are by definition not prohibited substances. In order to obtain a felony conviction, then, the state has the burden of proving that the quantity found in the defendant’s possession exceeds five grams after all excluded matter has been removed.
* * # * * *
In a case such as this, where a portion of the substance introduced by the state as contraband is claimed by the defendant to be non-prohibited matter, it becomes the state’s burden to prove that the weight of the contraband matter alone exceeds the statutory threshold of five grams. To hold otherwise would not only place an intolerable burden on criminal defendants, but would contravene the fundamental rule that the prosecution must prove every essential element of the *687 crime charged. Purifoy v. State, supra at 449 (footnotes omitted).
Clearly, under Purifoy, the state failed in its burden to prove an essential element of the crime charged, in this ease the weight of the illegal substance.
Accordingly, the judgment, sentence, and order placing defendant on probation during a portion of the sentence is reversed, vacated, and set aside, and the cause remanded with direction to enter judgment and sentence on the lesser included offense of possession of more than 5 grams of marijuana. See Clark v. State, 337 So.2d 798 (Fla.1976).
Reversed and remanded with directions.
ANSTEAD, J., and BAKER, JOSEPH P., Associate Judge, concur.
CROSS, SPENCER C., Associate Judge, dissents without opinion.