388 So.2d 259 (1980)
Joseph Lavone McDANIELS, Appellant,
v.
STATE of Florida, Appellee.
No. 79-949/T4-523.
District Court of Appeal of Florida, Fifth District.
August 27, 1980.
Rehearing Denied September 29, 1980.
*260 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Chief, Appellate Division, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Phillip D. Havens, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Appellant was charged with robbery,[1] armed robbery,[2] and possession of a short-barrelled shotgun[3] arising from three separate incidents. By statutory definition, a short-barrelled shotgun has a barrel length of less than 18 inches or an overall length of less than 26 inches.[4]
During the trial, the state introduced the shotgun into evidence. It has a barrel length of approximately 16 inches and an overall length of approximately 25 inches.[5] At the close of the trial, the appellant moved to dismiss the possession of a short-barrelled shotgun charge on the ground that the state had failed to introduce any evidence as to either the length of the barrel of the shotgun or the overall length of the shotgun. The trial court denied the motion on the rationale that the jury had the actual gun to look at and that the trial court was taking judicial notice that it is a matter of common knowledge as to how long 18 inches is.
Appellant was convicted as charged on all three counts and sentenced to three consecutive sentences. Appellant appeals the judgment and sentence imposed for possession of a short-barrelled shotgun and contends that the trial court erred in denying the appellant's motion to dismiss that charge.
Showing the length of the shotgun or its barrel is an essential element of possession of a short-barrelled shotgun and must be proved. Cf. Purifoy v. State, 359 So.2d 446 (Fla. 1978); McIntire v. State, 381 So.2d 1154 (Fla. 5th DCA 1980).
Judicial notice may be taken of matters that are commonly known, but may not be used to dispense with proof of essential facts that are not judicially cognizable. Amos v. Moseley, 74 Fla. 555, 77 So. 619 (1917); Moore v. Choctawhatchee Elec. Co-Op, Inc., 196 So.2d 788 (Fla. 1st DCA 1967). Without the assistance of testimony or a *261 measuring device, we do not believe that the common person can look at a shotgun barrel that is about 16 inches in length and know to the exclusion of a reasonable doubt that the barrel is less than 18 inches. Nor do we believe that the common person can look at a shotgun that is approximately 25 inches in length and know to the exclusion of a reasonable doubt that it is less than 26 inches. Under these circumstances, the trial court abused its discretion in taking judicial notice of these unproved elements and we, therefore, reverse the judgment and sentence of the appellant for possession of a short-barrelled shotgun and remand this case with directions that the trial court order a judgment of acquittal as to this count only. See Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).
REVERSED and REMANDED.
FRANK D. UPCHURCH and SHARP, JJ., concur.
NOTES
[1] Section 812.13(2)(c), Florida Statutes (1977).
[2] Section 812.13(2)(a), Florida Statutes (1977).
[3] Section 790.221, Florida Statutes (1977).
[4] Section 790.001(10), Florida Statutes (1977).
[5] Rather than sending this court the actual shotgun, the clerk of the trial court has sent us three poorly lit photographs of the shotgun that were taken after the trial. The photographs show the shotgun with a tape measure lying on the shotgun.