PER CURIAM.
This is an appeal from a conviction after a jury trial for possession of marijuana. Prior to trial, the defendant filed a motion to suppress the marijuana and certain tape recordings growing out of a related police investigation. Defendant also moved for *23 discharge based on speedy trial grounds. The motion to suppress and the motion to discharge were denied. Defendant appeals and we affirm.
On the motion to suppress, defendant asserted the absence of a warrant regarding the marijuana and that the police were acting outside their geographic jurisdiction when they secured the tape recordings.
At trial, the defendant’s objections were not exactly the same as those previously asserted on the motion to suppress. At one point in the trial, counsel seemed to disavow reliance on the grounds previously asserted in the motion to suppress. In any event, the tape recordings were not admitted into evidence because the jury could not understand them due to poor recording quality. Testimony as to the existence of the tapes was heard by the jury, but we conclude this did not result in reversible error if error at all. The objection at trial as to physical evidence was that the total amount of marijuana in question had not been tested. Defendant did not object to the absence of a warrant at trial and cannot now raise this point. Kiddy v. State, 378 So.2d 1332 (Fla. 4th DCA 1980).
We also conclude reversible error has not been demonstrated in regard to the defense arguments on failure to test all of the marijuana. The defendant was charged with possession of marijuana in excess of 100 pounds. The court directed a judgment of acquittal as to the allegation of “in excess of 100 pounds” and the jury returned a verdict of guilty against appellant for possession and delivery of cannabis over five grams. The defendant’s arguments regarding testing of the entire quantity of marijuana (26 bales) constitute harmless error at most.
As to the speedy trial argument, defendant moved for a continuance on November 6, 1978, when the case was set for trial on the last day of the speedy trial time. The defendant now claims that his continuance on that day should be charged to the State. We conclude the trial court correctly found to the contrary. Under the circumstances of this case, the defendant waived the strict requirements of the speedy trial rule. Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980); Diaz v. Rodriguez, 384 So.2d 906 (Fla. 3d DCA 1980). The judgment and conviction below is affirmed.
AFFIRMED.
MOORE and BERANEK, JJ., and KAP-NER, LEWIS, Associate Judge, concur.