419 So.2d 363 (1982)
Robert Wesley JORDAN, Appellant,
v.
STATE of Florida, Appellee.
No. AG-66.
District Court of Appeal of Florida, First District.
September 10, 1982.
*364 Salvatore D. Mollica, Gainesville, for appellant.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Jordan appeals his conviction of the offense of trafficking in cannabis, greater than 100 pounds. Section 893.135(1)(a), Florida Statutes (Supp. 1980). We affirm.
In his first point, appellant argues that the state failed to present any competent evidence establishing the weight of the marijuana to be in excess of 100 pounds. However, evidence at the trial that the freshly cut marijuana weighed 440 pounds, and that the plastic and twine used to bundle it weighed about 6 pounds, presented a jury issue. We conclude that the evidence was sufficient to carry the state's burden of establishing the requisite weight of marijuana beyond and to the exclusion of a reasonable doubt. Purifoy v. State, 359 So.2d 446 (Fla. 1978). We reach this conclusion after examination of the numerous cases cited by appellant,[1] but note, in passing, that these cases were decided under the old definition of cannabis, which has been amended, Section 893.02(2), Florida Statutes (1979), and now reads:
"Cannabis" means all parts of any plant of the genus Cannabis, whether growing or not, the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant or its seeds or resin.
In our view it defies reason and common sense to conclude that over 300 pounds of the matter weighed in the case at hand constituted water and soil. See, Asmer v. State, 416 So.2d 485 (Fla. 4th DCA 1982). The determination of the defense predicated on a contrary assumption presented a matter peculiarly within the province of the jury.
Next, appellant complains that the trial judge erred in failing to grant his mid-trial motion for continuance, so that he *365 might obtain a doctor's testimony, to explain his failure to appear for trial on a prior occasion. Appellant alleges this error was further compounded when the trial court gave an instruction on flight to avoid prosecution. A motion for a continuance is directed to the sound discretion of the trial judge. Harrelson v. State, 259 So.2d 526 (Fla. 1st DCA 1972). The motion for continuance was made while, the state was presenting its case in chief, and there was nothing to bar trial counsel from making contact with Dr. Krantz, so that he might testify in behalf of appellant during the defense portion of the case. Unlike the circumstances presented in Hawkins v. State, 326 So.2d 229 (Fla. 2nd DCA 1976), cert. den., 336 So.2d 611 (Fla. 1976), appellant was not surprised by newly developed evidence. Further, appellant, when he took the stand, testified that he did not appear for his first court date because he was ill, and was following his doctor's orders. In any event, the instruction on flight was justified by the evidence that upon being accosted by officers at the site of the growing marijuana, appellant ran and jumped on the back of a car, which his wife, who was driving, inadvertently ran into a ditch, thereby foiling the escape attempt. Villageliu v. State, 347 So.2d 445 (Fla. 3rd DCA 1977); Williams v. State, 268 So.2d 566 (Fla. 3rd DCA 1972).
Appellant's urging of a Sixth Amendment, United States Constitution, violation resulting from the trial court's denial of his mid-trial continuance, was never brought to the attention of the trial judge. Absent fundamental error, even a constitutional right may be waived if not timely presented. Rubin v. State, 368 So.2d 69 (Fla. 3rd DCA 1979); Ray v. State, 403 So.2d 956 (Fla. 1981). This alleged error was not one of fundamental dimension in view of the fact, previously noted, that appellant took the stand and explained that he failed to appear for his first trial because he was ill. The cases relied upon by appellant on this point involve additional compelling circumstances.[2]
With respect to appellant's argument that improper prosecutorial argument denied him a fair trial, we find that this issue was not preserved for appellate review since appellant did not bring this objection to the trial court's attention. State v. Jones, 204 So.2d 515 (Fla. 1967). Appellant's reliance on cases holding that fundamental error occurred in the closing argument,[3] is misplaced since a review of these cases reveals the comments were much more prejudicial and clearly neither rebuke nor retraction would cure the error. Appellant's additional argument that the failure of the public defender to object constitutes state action as does the trial court's failure to perform its duty of halting improper remarks must also fail as this cannot properly be raised for the first time on direct appeal. Chester v. State, 276 So.2d 76 (Fla. 2nd DCA 1973). We further find no merit in appellant's contention that the colloquy between the trial court and the witness Franklin Lamar Davis constituted an indirect comment on the credibility of Davis, so as to deprive appellant of a fair and impartial trial. Again, no objection was made to the court's comments and we do not find this alleged error reaches the magnitude of fundamental error. Worthington v. State, 183 So.2d 728 (Fla. 3rd DCA 1966).
Finally, we conclude that the evidence was sufficient to sustain the verdict. Accordingly, the judgment of conviction and sentence are AFFIRMED.
LARRY G. SMITH, JOANOS and THOMPSON, JJ., concur.
NOTES
[1] Blair v. State, 384 So.2d 685 (Fla. 4th DCA 1980), (state failed to carry its burden to prove possession of more than 100 pounds of marijuana where weight of marijuana admitted into evidence was 197 pounds, 20 ounces, but gross weight included weight of burlap and plastic bags, as well as weight of stems and stalks); McIntire v. State, 381 So.2d 1154 (Fla. 5th DCA 1980), (conviction of possession of more than 5 grams reversed where cannabis weighed 7 grams, including stems, but not including stalks); Woodward v. State, 379 So.2d 664 (Fla. 5th DCA 1980), (Purifoy not violated when conviction for possession of more than 100 pounds upheld, where gross weight of matter recovered was 38,000 pounds, on the grounds that at least 100 pounds of this was prohibited drug); Leavitt v. State, 369 So.2d 993 (Fla. 1st DCA 1979), cert. den., 374 So.2d 101 (Fla. 1979), U.S. cert. den., 444 U.S. 839, 100 S.Ct. 78, 62 L.Ed.2d 51 (1970), (state did not meet its burden under Purifoy where matter weighed 47.2 grams and included seeds, stems and certain sticks); and Kenny v. State, 382 So.2d 304 (Fla. 1st DCA 1978), (evidence substance weighed 1,589 pounds sufficient on which to base conclusion that defendant possessed more than 100 pounds of cannabis, exclusive of mature stalks and stems).
[2] In United States v. Barker, 553 F.2d 1013 (6th Cir.1977), indigent defendants were denied subpoenas for witnesses at government expense; and in Singleton v. Lefkowitz, 583 F.2d 618 (2nd Cir.1978), cert. den., 440 U.S. 929, 99 S.Ct. 1266, 59 L.Ed.2d 486 (1970), the defendant was denied the opportunity to call a witness who had relevant testimony, and the government had contributed to the unavailability of the witness.
[3] Grant v. State, 194 So.2d 612 (Fla. 1967), Wilson v. State, 294 So.2d 327 (Fla. 1974); and Peterson v. State, 376 So.2d 1230 (Fla. 4th DCA 1979), cert. den., 386 So.2d 642 (Fla. 1980).