LEIGH M. CLARK, Retired Circuit Judge.
A jury found defendant guilty of trafficking in cannabis in violation of Code of Alabama § 20-2-80, which provides in pertinent part:
“Except as authorized in Chapter 2, Title 20:
“(1) Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, in excess of one kilo or 2.2 pounds of cannabis is guilty of a felony, which felony shall be known as ‘trafficking in cannabis.’ If the quantity of cannabis involved:
“a. Is in excess of one kilo or 2.2 pounds but less than 2,000 pounds, such person shall be sentenced to a mandatory minimum term of imprisonment of three calendar years and to pay a fine of $25,000.00.”
The jury assessed a fine of $25,000.00, and the court fixed his punishment at imprisonment for six years and sentenced him accordingly.
No issue is presented as to the sufficiency of the evidence to support a finding that defendant was guilty of possession of cannabis, and we see no reasonable basis for such a contention. The cannabis was found in a room rented by appellant in the Mini-Warehouse and Storage Company in Calhoun County. We proceed immediately to a consideration of the issues raised by appellant.
I.
The search of the room rented by defendant at the warehouse that resulted in the seizure of the cannabis involved was not a warrantless search. A search warrant had been obtained. Participating in the execution of the warrant was Mr. Charles Winfrey, an investigator for the office of the District Attorney of Calhoun County. Appellant does not question the validity of the warrant, but he challenges the execution of the warrant by reason of its having been executed without the presence of “a Sheriff, Deputy Sheriff or Constable of Calhoun County . .. during the execution of the warrant,” in violation of Code of Alabama 1925, § 15-5-7. However, in making such challenge appellant limits it to his contention pursuant to the second issue presented by appellant, which we now consider.
II.
Appellant urges that the act that created the office or position that Mr. Winfrey occupied at the time of the execution of the search warrant, Alabama Acts 1980, No. 185, is violative of Alabama Constitution 1901, Article IV, § 45, which provides, with some exceptions not involved here, that “Each law shall contain but one subject, which shall be clearly expressed in its title, ...” Appellant recognizes that this identical question was decided, adversely to appellant’s contention herein, in Dickerson v. State, per Judge Tyson, Ala.Cr.App., 414 So.2d 998 (1982), but he requests that this Court “re-examine the position taken in Dickerson.” Appellant presents no good reason why we should not adhere to what was held in Dickerson, supra, in which the particular issue was given penetrating and comprehensive consideration. We again hold, as we held in Dickerson, that Act No. 80-185 is not violative of Section 45 of the Constitution of Alabama 1901.
III.
By the third issue presented by appellant, he contends that Code of Alabama 1975, § 20-2-80, is violative of the Constitution of Alabama 1901, Art. Ill, § 43, the Separation of Powers Provision of the Alabama Constitution, “since it delegates to *650 the prosecuting attorney the powers to control the sustension or reduction of sentences.” A similar, if not precisely the same, contention was made in Dickerson and disposed of adversely to appellant. Appellant’s argument herein adds nothing new to the position taken by appellant in Dickerson. We do not agree with appellant’s contention pursuant to the third issue presented by him.
IV.
Appellant’s fourth issue advances the claim that the “Alabama Trafficking Statute violates the Separation of Powers provision, Constitution of Alabama 1901, Section 43, ‘since the maximum range must be set by the judicial branch not the legislative branch.’ ” Appellant’s brief argument as to this issue is not convincing. We must hold against him as to this issue also.
V.
Appellant challenges the action of the trial court “in allowing the State’s expert to testify as to the total weight of a substance when the undisputed evidence revealed the substance contained both controlled and uncontrolled substances.” He relies for support as to this contention upon Purifoy v. State, Fla., 359 So.2d 446 (1978). In the cited case, there was an appeal from a felony conviction for the possession of “more than five grams of cannabis, in violation of Section 893.13(l)(e) Florida Statutes (1975).” The total weight of the plant material that contained prohibited cannabis was 7.05 grams. The legal point involved was whether the burden was upon the State to show that the weight of the prohibited cannabis was in excess of five grams or, on the other hand, whether the burden was upon the defendant to show that it was not in excess of five grams. In that case, the total weight was less than one and one-half times the weight required to constitute the offense charged. In the instant case, the total weight of the plant material was 18,-592 grams or 40.67 pounds, almost nineteen times the weight required for the offense.
During the testimony of the expert witness, a crime laboratory analyst, as to the composition of the plant material seized, there was a thorough exploration of the component parts of the plant material that was seized and examined bearing directly upon Code of Alabama 1975, § 20-2-2(15), which defines marijuana as follows:
“All parts of the plant Cannabis sativa L, whether growing or not, the seeds thereof, the resin extracted from any part of the plant and every compound, manufacture, salt, derivative, mixture or preparation of the plant, its seeds or resin. Such, term does not include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil or cake or the sterilized seed of the plant which is incapable of germination.”
In charging the jury, the trial court made it clear that defendant would not be guilty of trafficking in cannabis unless the jury was convinced beyond a reasonable doubt by the evidence that more than 2.2 pounds of marijuana, exclusive of the portions of the marijuana plant expressly excluded in § 20-2-2(15), was in the possession of the defendant.
In our opinion, it would have been impracticable for the “controlled” portions of the plant material and the uncontrolled portions of the plant material to have been separately weighed. The total weight of the plant material, although not absolutely controlling, was competent, relevant, and material as to the question of the weight of the controlled substance involved.
VI.
Appellant’s sixth and last issue is thus stated:
“May the State meet its burden or proof in a trafficking charge requiring possession of more than 2.2 pounds, or one kilogram of cannabis without proving the weight of the alleged cannabis? Sand *651 storm [Sandstrom] v. Montana, 442 U.S. 99 [510], 99 S.Ct. 2450 [61 L.Ed.2d 39].”
Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), was a ease involving the statutory offense of “deliberate homicide.” We find nothing therein that supports the position advanced by appellant in his sixth issue. In our opinion, the State met the burden of proof that was upon it to show that the cannabis contained in the plant material seized weighed more than 2.2 pounds.
We conclude by stating that we resolve all issues presented in favor of appellee and that the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.