KELSEY, J.
Appellant challenges his conviction and sentence as a principal to first-degree murder and aggravated battery with a firearm. : Among other issues, Appellant argues that his sentence for the aggravated battery conviction was improperly enhanced under -section 775.087(1), Florida Statutes (2010),- because the jury found that he did not possess- or.- discharge a firearm. In light of the State’s concession of error on this point, we - reverse and remand for resentencing on the aggravated battery conviction.
We reject Appellant’s argument that the trial court abused its discretion in allowing the State to- present the-testimony of an unavailable -witness by reading into evidence her- testimony from a recent trial involving the same parties and charges, which ended in a mistrial. See § 90.804(2)(a), Fla. Stat- (2013) (providing that where the trial court has properly determined that a witness is unavailable, “[tjestimony given as a witness at another hearing of the same or a different proceeding” is admissible and is not. excluded as hearsay, provided that “the party against whom the testimony is now offered ... had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination”). Both the State and the defense had subpoenaed her for the new trial, and it was undisputed that she had given birth eight days before trial. When the unavailability issue was addressed immediately before trial, the' prosecutor stated that he had discussed the timing issue with defense counsel and thought they had an agreement that the witness’s' prior trial testimony would be read at the second 'trial if she could not appear in person due to the childbirth. Defense counsel stated he had not received any communication from the witness and therefore would object to any finding that the witness was unavailable within the meaning of section ‘90.804(l)(d), Florida Statutes (2013) (providing that a witness is “unavailable” if the witness is unable to be presenter to testify at the'hearing because of then-existing physical or mental illness *920 or infirmity). Before ruling, the trial court sought input and explained his reasoning as follows:
Well, the ladies here know more about this than I. do. Does someone that has had a baby, within the week [sic] meet the classification of medical infirmity? Let’s see a show of hands if you think that’s the case. I got one, two'— Try to see what you can do, Mr. Fuchs, but, you know, quite honestly if she’s testified before, everybody cross-examined her, I’m not going to make somebody that had a baby a week ago come up here if she can’t do it. See what you can do over lunch break. And if we can’t get her here, then objection overruled.
The trial court advised that if thé witnéss was unable to testify in person, her testimony from the first trial would be used instead.
Shortly after the trial started, the prosecutor stated that his investigator had talked to the witness to “find out exactly what her medical status was,” and reported that the witness “just left the doctor’s office right now and apparently is,' as he referred to it, is hurting in a bad way.” The trial court was entitled to rely on the prosecutor’s assertions to make its determination as to witness unavailability, particularly given the absence of objection or refutation by the defense. See Foster v. State, 614 So.2d 455, 459 (Fla.1992) (concluding state attorney’s efforts to find a witness — including phone, calls to a number provided by the,defense, leaving messages with the witness’s former brother-in-law, and attempting to serve a subpoena— were sufficient to establish witness unavailability for. re-sentencing); Fisher v. Perez, 947 So.2d 648, 649-50 (Fla. 3d DCA 2007) (accepting representations of defense counsel regarding telephone conversations about expert witness’s unavailability due to pain and medical complications. from recent surgery). .
The trial judge ruled that if the witness could not come to court to testify, he would deem her unavailable for medical reasons and allow her prior-trial'testimony to be read into evidence before the jury. The defense did not object. Although both parties had this witness under subpoena, neither side requested a continuance or a mistrial. The witness did not appear, and her prior trial testimony was read into evidence at the trial.
In denying Appellant’s' motion for new trial based on its ruling to allow use of the witness’s prior testimony, the court reasoned as follows:
[M]y wife has had four children and for somebody to stand up and argue that childbirth is not a substantial medical event in a woman’s life is someone that has no experience with regard to that whatsoever ;... This young lady had given birth to a-child less than two weeks before this case came to trial and was having follow-up problems, et cet-era; And I was advised that she was at the doctor. I certainly was not going to maké her come in when I' felt like that there was sufficient medical reason to exclude her from the[1] trial. Not only that, I had a transcript of a previous hearing [sic] where she testified and she was subjected to cross examination by defense counsel, and there was absolutely no showing of prejudice whatsoever. Her testimony, in fact, was a central argument made by the defense in its closing statements in this case in support of the various positions that were asserted.
We review the trial court’s ruling on medical unavailability for clear abuse of discretion. Jackson v. State, 575 So.2d 181, 187 (Fla.1991) (“The responsibility for evaluating the adequacy of the showing of nonavailability rests with the trial judge, and his determination of this issue will not *921 be disturbed unless an abuse -of discretion clearly appears.”). We hold that the trial court here did not abuse its discretion. .It was undisputed that the witness had given birth just eight days before trial. The references to a doctor’s visit and the .witness “hurting in a bad way” were made in the context of childbirth-related symptoms and are reasonably interpreted in that context. Defense counsel never argued otherwise below. Alternatively, even if prompted by a condition other than childbirth, a doctor’s visit that morning and current severe pain reasonably could be interpreted as sufficient to create medical unavailability. Even without additional evidentiary details about the doctor’s visit that the prosecutor referenced, the undisputed fact of the very recent childbirth was legally sufficient to support the trial court’s discretionary ruling that the witness was unavailable for medical reasons. See Partin v. State, 82 So.3d 31, 43 (Fla.2011) (recognizing pregnancy-related travel restrictions as valid grounds to find out-of-state witness unavailable'to attend trial in Florida); Gonzalez v. State, 971 So.2d 891 (Fla. 3d DCA 2007) (affirming trial court’s discretionary decision to determine witness was unavailable “due to her- advanced age and illness”).
Appellant also argues that the -trial court improperly relied on his own family experiences with the medical results of childbirth, and on the experiences of others in the courtroom., To the extent that the Mai court relied. on common knowledge of women’s typical tnedical conditions shortly after childbirth, it was reasonable to do. so and not an abuse of discretion. See § 90.202(11), Fla. Stat. (2013) (allowing judicial notice of commonly known facts). We need not and do not purport to create a bright-line test for how'long after childbirth- a witness might reasonably be deemed medically unavailable, but merely hold that there was no abuse of discretion here.
We find that Appellant’ likewise has not demonstrated reversible error in his other arguments on appeal. Accordingly, we AFFIRM in part, REVERSE in. part, and remand for resentencing in accordance with this opinion.
ROBERTS, C.J., concurs.
BENTON, J., dissents with opinion.

. Section 90.20)1(11) “is recognized to be a codification of the common law pre-dating the adoption of Florida’s Evidence Code under which 'Florida courts have taken judicial notice of facts which are "open and notorious”, involve “common notoriety" or are "commonly known”,’ Ehrhardt, Florida’Evi- - dence § 202.11, at 51 (footnotes omitted).” Maradie v. Maradie, 680 So.2d 538, 542 (Fla. 1st DCA 1996). Section 90.202, Florida-Statutes (2012), provides in relevant part that a court may take judicial notice of:
(11) Facts that are not subject to- dispute because they are generally, known within the territorial jurisdiction of the court. •
(12) Facts that are not subject to dispute because they are capable of accurate and ready determination by resort- to sources whose accuracy cannot be questioned.
“Obviously, to fit within subsection 90.202(12), accurate records or other'sources must exist which-establish the judicially-noticed fact.” Maradie, 680 So.2d at 542. “[A] judge cannot use sections 90.202(11) and (12) to take’notice of matter's known to the judge, as compared to matters known in the community.” McKinney v. State, 640 So.2d 1183, 1184 (Fla. 2d DCA 1994).
“In our justice system, the practice of taking judicial notice of adjudicative facts should be exercised with great caution. This caution arises from our belief that 'the taking of evidence, subject to established safeguards, is the best way to resolve disputes concerning adjudicative facts. When a matter is judicial noticed ‘it is taken as true without the necessity of' offering evidence by the party who should ordinary have done so.’ Thus, histori *922 cally, 'judicial notice applies to self-evident truths that'no reasonable person could question, truisms that approach platitudes or banalities.’.” Maradie, 680 So.2d at 541 (citations omitted). See also Cordova v. State, 675 So.2d 632, 636 (Fla. 3d DCA 1996) (" ‘[judicial notice may be taken of matters that are commonly known, but may not be used to dispense with proof of essential.facts that are not judicially cognizable.’ ” (quoting McDaniels v. State, 388 So.2d 259, 260 (Fla. 5th DCA 1980))); Charles W. Ehrhardt, 1 Fla. Prac., Florida Evidence, § 202.11 (2015 ed.) ("The burden is upon the party requesting judicial notice to demonstrate to the court that the fact is generally known within the territorial jurisdiction of the court. The test is not the knowledge of the .trial judge, of the jurors, or of counsel; rather, it is whether a fact is generally known with the court’s jurisdiction _The general knowledge in the jurisdiction where the trial is held is the key 'to whether judicial notice will be taken under section 90.202(11)).”
We have not been directed to any indisputable source which establishes the judicially-noticed fact in this case. "If a fact is subject to reasonable dispute, it should not be judicially noticed by the trial court. The fact must then be established by the introduction of evidence. The burden is upon the party requesting judicial notice to supply the court with the records or other information that show the accuracy of the fact.” Ehrhardt, Florida Evidence § 202.12 (footnote omitted).
Here, the relevant inquiry was the medical condition of Shaquita Rosier. Even if the "typical” or "average” medical condition of women shortly after childbirth were relevant, no records or sources were before the trial court which established any such "fact.” There were also no "records or sources” before the trial court to establish' the medical condition'of the witness in this case. Maradie, 680 So.2d at 542. Thus, judicial notice was not appropriate under section 90.202(12). Judicial notice was likewise not appropriate pursuant to section 90.202(11). Clearly, that the witness may have been experiencing pain or some other medical condition as a result of childbirth that would prevent her appearance in court was not “generally known within the territorial jurisdiction of the court.”
Finally, to the extent the trial court intended to base its finding of unavailability on judicial notice, the appellant "[a]t the very least ... should have been given notice and an opportunity to dispute the matters which the trial court judicially noticed. § 90.204(1), Fla. Stat.” Maradie, 680 So.2d at 542. See also § 90.204(1), Fla. Stat. (2012) ("[W]hen a party requests [judicial] notice' and shows good cause for not complying with s. 90.203(1), the court shall afford each party reasonable opportunity to present information relevant to the propriety of taking judicial notice and to the nature 'of the matter noticed.”). The court did not comply with the procedure in section 90.204 for taking judicial notice of,a matter on its own initiative.