PER CURIAM.
The State charged Capo by information with a variety of drug related offenses including two counts of importation and two counts of possession of more than 100 pounds of marijuana. Based upon a jury verdict, Capo was convicted of the four noted charges and now seeks review asserting as error, among other theories, that the evidence was insufficient and that the trial court erred in admitting evidence of criminal activity with which appellant was not charged.
Since the jury found Capo guilty, we must view the evidence in the light most favorable to the State. Parrish v. State, 97 So.2d 356 (Fla. 1s DCA 1957). The evidence indicates that in the spring of 1977, Pete Barwick approached Benny Shields about a possible drug smuggling operation which would take place in the area of St. Marks, Florida. Approximately a week later, Bar-wick introduced Shields to Capo. The three men drove about the area ultimately agreeing the smuggling operation would take place at the Shields’ marina and that there would be other smuggling operations if the first was successful. John Wells, a crewman on the first smuggling venture, testified he left Tampa for Colombia on the shrimp boat Aquarius and returned with between fifty and seventy-five 100 pound bags of marijuana. The operation took place on or about June 1, 1977.
Subsequently, Wells and Shields were contacted about a second smuggling operation which took place on or about June 22, 1977. Although neither participated physically in the operation, Shields testified that he was paid for the second operation. Bookie Holland, a lookout for both smuggling ventures, testified he saw between thirty and forty bales being unloaded on the docks during the second venture. During the State’s presentation, law enforcement officers testified they took samples from materials caught in the dock on the day following the second operation and determined the samples were marijuana. Over defense objection, the State also presented the testimony of Andrew Ray Lynn who stated that Capo approached him later that summer concerning the importation of several tons of marijuana from Colombia. After the initial contact, Lynn and Capo drove about looking for places to unload marijuana on the Carrabelle River. The State also called Michael Williams who corroborated some of Lynn’s testimony. In an effort to rebut this testimony, Capo attempted to introduce the testimony of two officers whom the defense asserted would testify Capo called them to report another smuggling operation. The trial court refused to admit the testimony and did not allow Capo to proffer the testimony. On August 4, 1980, the jury returned a verdict of guilty on each of the four noted charges.
We have reviewed the record and have determined the evidence supports Capo’s conviction. Shields’ testimony indicates Capo participated in the smuggling operation by planning and by making the necessary arrangements. Thus, it is apparent Capo participated in the operations as an aider and abettor. Section 777.011, Fla. Stat. (1975). The actual importation for the first venture was established by Wells’ testimony the boat went to Colombia where the crew obtained the marijuana. The appellant asserts, however, there is no evidence of the origin of the marijuana involved in the second load and that the size of the boat and quantity of marijuana involved is not a sufficient evidentiary base upon which the jury could determine the marijuana was imported. U. S. v. Soto, 591 F.2d 1091 (5th Cir. 1979). In this case, however, there is evidence of a common scheme before, during, and after the second operation which provides sufficient circum *1244 stantial evidence upon which the jury could reasonably determine the second load of marijuana was imported.
Similarly, Wells testified that the first operation involved between fifty and seventy-five bags of marijuana weighing 100 pounds each. Holland’s testimony that the second operation involved twenty or thirty bales, the evidence of a common scheme and the expert’s analysis of the marijuana found on the dock is sufficient evidence upon which the jury could base its determination that the second load involved more than 100 pounds of marijuana. Accordingly, the evidence is sufficient to sustain Capo’s conviction.
The trial court also appropriately admitted the testimony of Lynn and Williams. Evidence is relevant if it bears a certain relation to a fact in issue. Cotita v. State, 381 So.2d 1146 (Fla. 1st DCA 1980). This testimony is relevant and admissible because it establishes Capo’s continuous pattern of similar conduct. Wilson v. State, 330 So.2d 457 (Fla.1976); Williams v. State, 110 So.2d 654 (Fla.1959).
We have considered the other issues raised on appeal and have determined they do not warrant reversal. Accordingly, the judgment below is AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH and JOANOS, JJ., concur.