411 So.2d 993 (1982)
STATE of Florida, Appellant/Cross-Appellee,
v.
James TAYLOR, Appellee/Cross-Appellant.
No. 81-1080.
District Court of Appeal of Florida, Fourth District.
March 31, 1982.
Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for appellant/cross-appellee.
Edward Brinson of Brinson, Smith, Heller & Smith, P.A., Kissimmee, for appellee/cross-appellant.
DOWNEY, Judge.
Appellee James Taylor was found guilty in Okeechobee County of trafficking in cannabis in excess of 100 pounds in violation of Section 893.135(1)(a)1, Florida Statutes (Supp. 1980). After a presentence investigation, which apparently showed that Taylor had a good reputation in Osceola County, where he lived, the trial court sentenced him to three years imprisonment and a fine of $25,000 in accordance with the mandatory provision of Section 893.135(1)(a). Then sua sponte the court mitigated the sentence so that Taylor would serve four months in the county jail and then be on probation for three years. The court left the $25,000 fine in effect. From that mitigated sentence the State has perfected this appeal and Taylor has cross-appealed. We have seriously considered all of the questions presented by the cross-appeal and find no reversible error shown in the trial of the case. The only error reflected in the record occurred in the sentencing process.
In enacting the trafficking statute, Section 893.135, the Legislature provided that for the various crimes included therein *994 mandatory minimum prison sentences should be imposed. However, as part of the legislative scheme to stem trafficking in drugs the Legislature authorized trial courts to mitigate a mandatory sentence upon motion by the State Attorney if the convicted person provides substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, co-conspirators, or principals. § 893.135(3), Fla. Stat. (Supp. 1980). No further authority is reposed in the trial court to mitigate a mandatory minimum sentence in trafficking cases.
In the present case the court mitigated the mandatory minimum sentence sua sponte. The record reflects no appropriate motion by the State Attorney.
Accordingly, we affirm the judgment of conviction involved in the cross-appeal and reverse the order mitigating appellee's mandatory minimum sentence as originally imposed by the trial court, without prejudice upon remand to the filing of a proper motion to mitigate under Section 893.135(3), should the State Attorney be so disposed.
AFFIRMED IN PART; REVERSED IN PART, and remanded with directions.
BERANEK and DELL, JJ., concur.