423 So.2d 577 (1982)
STATE of Florida, Appellant,
v.
Carlos BATEMAN, Appellee.
No. 81-2580.
District Court of Appeal of Florida, Second District.
December 17, 1982.
Jim Smith, Atty. Gen., Tallahassee, and Ann G. Paschall, Asst. Atty. Gen., Tampa, for appellant.
L. Mark Dachs, Miami, for appellee.
HOBSON, Acting Chief Judge.
The State appeals an order which sentenced Carlos Bateman to less than the mandatory minimum for a conviction for drug trafficking in violation of section 893.135(1), Florida Statutes (1981), despite the state attorney's refusal to move for a reduction of the mandatory minimum pursuant to section 893.135(3). We reverse.
Appellee and several others were charged with trafficking in cocaine in excess of 400 grams, in violation of section 893.135(1)(b)3. Appellee pled not guilty but later voluntarily withdrew the plea and pled guilty with the understanding that he might receive the 15-year mandatory minimum term of imprisonment. See section 893.135(1)(b)3. The court then adjudicated him guilty of the charge but postponed imposition of a sentence pending completion of a presentence investigation.
Thereafter, appellee provided the state attorney with information regarding the *578 identity of the cocaine supplier with the apparent expectation that he would receive lenient treatment at the time of sentencing pursuant to subsection (3) of section 893.135. This subsection, which acts as an "escape valve" from the severe mandatory minima of subsection (1), reads in pertinent part:
(3) The state attorney may move the sentencing court to reduce or suspend the sentence of any person who is convicted of a violation of this section and who provides substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, co-conspirators, or principals... . The judge hearing the motion may reduce or suspend the sentence if he finds that the defendant rendered such substantial assistance.
At the sentencing hearing the state attorney refused to move for a reduction of the 15-year mandatory minimum. He maintained that appellee had not provided him with "substantial assistance" within the meaning of subsection (3). Appellee contended that, notwithstanding the state attorney's refusal to move for a reduction, the court had the discretion under subsection (3) to determine whether he had rendered "substantial assistance" and, if it so found, to sentence him to less than 15 years. The court apparently accepted appellee's invalid argument since it found that he had furnished "substantial assistance" and imposed a sentence of only five years.
It is settled that, absent a motion by the state attorney pursuant to subsection (3) of section 893.135 for a reduction of sentence, the sentencing court lacks the authority under subsection (3) to reduce the sentence. See State v. Taylor, 411 So.2d 993 (Fla. 4th DCA 1982).
Appellee raises two arguments: He asserts initially that subsection (3), so read, erodes the separation of powers doctrine by vesting the executive branch with powers allocated to the judicial branch. In State v. Benitez, 395 So.2d 514 (Fla. 1981), the court rejected this same constitutional argument. Id. at 519. Hence, we do not believe that the argument warrants further mention here.
Appellee next contends that subsection (3) violates his right to due process of law because of "prosecutorial abuse" in this case. In State v. Werner, 402 So.2d 386 (Fla. 1981), the court held subsection (3) constitutional on its face but indicated that prosecutorial overreaching in a particular factual scenario might render it unconstitutional as applied. Appellee, however, does not point to any action or inaction on the state attorney's part which amounted to "overreaching" or "abuse." Further, the sentencing court did not find that the state attorney acted in bad faith in refusing to move for a reduction. Regardless, a review of the record convinces us that the state attorney acted in good faith in refusing to move for a reduction. In fact, he affirmatively demonstrated to the sentencing court that appellee's information was stale, cumulative, partially untrue, and insufficient.
Accordingly, we reverse the sentence and remand with directions that the court sentence appellee on the conviction to the mandatory minimum.
REVERSED and REMANDED.
BOARDMAN and DANAHY, JJ., concur.