434 So.2d 331 (1983)
Ramon MADRUGA and Israel Guzman, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 82-775, 82-1378.
District Court of Appeal of Florida, Third District.
June 14, 1983.
Rehearing Denied August 3, 1983.
Long, Smith & Jones and Harold Long, Jr., Miami, for Ramon Madruga.
Bennett H. Brummer, Public Defender and Thomas F. Pepe, Sp. Asst. Public Defender, for Israel Guzman.
Jim Smith, Atty. Gen. and Scott A. Silver and Richard Doran, Asst. Attys. Gen., for appellee.
Before BARKDULL, HUBBART and JORGENSON, JJ.
BARKDULL, Judge.
The defendants pled nolo contendre and were convicted of conspiracy to sell or deliver cannabis, conspiracy to traffic in cannabis, trafficking in cannabis, and armed kidnapping for ransom. They have preserved as the only issue on this appeal, whether or not the state sufficiently established the weight of the contraband to be in excess of 100 pounds and thereby require a mandatory minimum sentence of 3 years under the trafficking statute, Section 893.135(1)(a)1 Florida Statutes (1981) which would follow as a result of the conviction on the trafficking count. State v. Bateman, 423 So.2d 577 (Fla. 2d DCA 1982); State v. Taylor, 411 So.2d 993 (Fla. 4th DCA 1982).
We affirm. The state presented evidence from an experienced drug enforcement officer that he delivered to these and other defendants, marijuana in excess of 100 pounds, to wit: 75 bales of a minimum weight of 41 to 55 pounds a bale. In addition to the testimony, two pictures of the contraband were introduced into evidence. Unfortunately, through no fault of the state, the contraband was destroyed by federal authorities before it could be tested by the defendants and obviously before trial. Notwithstanding the destruction of the contraband the evidence was sufficient to support a finding of trafficking in contraband in excess of 100 pounds contrary to Section 893.135(1)(a)1 of the Florida Statutes (1981).
Only if the defendants can show a reasonable doubt that the omitted evidence would disclose that the contraband was of a *332 weight less then 100 pounds would its destruction and unavailability be prejudicial. Salvatore v. State, 366 So.2d 745 (Fla. 1979); State v. Sobel, 363 So.2d 324 (Fla. 1978); State v. Snell, 391 So.2d 299 (Fla. 5th DCA 1980); Adams v. State, 367 So.2d 635 (Fla. 2d DCA 1979); Budman v. State, 362 So.2d 1022 (Fla. 3d DCA 1978); United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).
The appellants in their brief have admitted that what was transported to them was marijuana and only contest the ability of the witnesses to testify as to the amount that it weighed contending that only the production of the actual marijuana in court could have established a weight in excess of 100 pounds. We disagree. The experienced DEA officer as well as a lay witness could have testified to the approximate weight of a given matter. Capo v. State, 406 So.2d 1242 (Fla. 1st DCA 1982); Pet. for Rev. denied 413 So.2d 875 (Fla. 1982); State v. Raulerson, 403 So.2d 1102 (Fla. 5th DCA 1981).
Therefore for the reasons above stated, the convictions, adjudications and sentences here under review are affirmed.