PER CURIAM.
We initially accepted jurisdiction in this case because of apparent express and direct conflict between the decision of the District Court of Appeal, Second District, in State v. Bateman, 423 So.2d 577 (Fla. 2d DCA 1982), and our decision in State v. Benitez, 395 So.2d 514 (Fla.1981). After reading the briefs on the merits and hearing oral argument, we conclude that the Second District’s decision before us does not expressly and directly conflict with Benitez.
In the present case, the district court holds that absent a motion by the state attorney, pursuant to section 893.135(3), Florida Statutes (1981),* the sentencing court lacks the authority under subsection (3) to reduce the sentence. The district court additionally concluded that it was convinced from a review of the record that the state attorney acted in good faith in refusing to move for reduction and noted that the state attorney, in fact, had demonstrated to the sentencing court that defendant’s information was stale, cumulative, partially untrue, and insufficient. This decision does not conflict with, but rather is consistent with, our decision in Benitez.
Accordingly, the petition for review is denied on the basis of lack of jurisdiction.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVER-TON, McDonald, EHRLICH and SHAW, JJ., concur.

 This subsection provides in pertinent part:
(3) The state attorney may move the sentencing court to reduce or suspend the sentence of any person who is convicted of a violation of this section and who provides substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, co-conspirators, or principals_ The judge hearing the motion may reduce or suspend the sentence if he finds that the defendant rendered such substantial assistance.