447 So.2d 424 (1984)
Donald BLACKBURN, Appellant,
v.
STATE of Florida, Appellee.
No. 83-98.
District Court of Appeal of Florida, Fifth District.
March 22, 1984.
*425 Russell E. Crawford, Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Donald Blackburn appeals his convictions for burglary[1] and fleeing or attempting to elude a police officer.[2] His points on appeal are that the court erred in instructing the jury on the inference which may be drawn from the fact the defendant fled from the police, and improper prosecutorial argument on closing. We affirm because defense counsel failed to make timely or specific objections to the instruction or the improper comments. Therefore, neither ground is preserved for appeal. See Castor v. State, 365 So.2d 701 (Fla. 1978); Hubbard v. State, 411 So.2d 1312 (Fla. 1st DCA 1982); see also Fla.R.Crim.P. 3.390(d).
The charges arose out of an incident that took place in New Smyrna Beach, Florida, at Scotty's Building and Supply Store, early in the morning on March 27, 1982. A police officer responded to a call at Scotty's and found the back gate knocked down and a car parked at the rear of the building. A person ran from the pallets of building materials which were stored inside the fence, jumped into the car and drove off at a high speed. The officer gave chase. The car reached 60 miles per hour, side swiped a parked car, and finally ran into a wrecker *426 which was parked across the road, with its lights on, in the process of extracting a car from a canal.
Blackburn was found slumped behind the wheel, the sole occupant of the car. In the car were bags of pine bark, mulch and potting soil from Scotty's. Blackburn did not dispute any of this evidence. His sole defense was that he lacked the necessary criminal intent to commit the crime as he was so intoxicated that he blacked out, and had no memory of the burglary and flight.
Because no specific objection was made to any of the prosecutor's argument on closing, Blackburn argues that the composite effect of seventeen remarks constitutes fundamental error. Wilson v. State, 294 So.2d 327 (Fla. 1974). Some of the prosecutor's remarks were indeed improper and inappropriate. He stated he thought Blackburn was sufficiently sober to have intended his action, at least three times; and that he believed the state had sustained its burden of proof in this case. Clearly the prosecutor should refrain from stating his own personal beliefs, particularly on key issues in dispute.[3] Further, the prosecutor also personally vouched for the veracity of the police officer, the primary state witness. This also is improper. Fla.Bar Code Prof.Resp. D.R. 7-106(C)(4). However, we note that defense counsel also made a few similar remarks about his client.
In another set of comments, the prosecutor appealed to jury sympathy for the owner of the lost wrecker, and for potential victims who might have been hurt in the high speed chase. Such appeals have been held to be improper and prejudicial.[4] Other improper comments by the prosecutor related to other charges against Blackburn arising out of the incident which were not pursued by the state. Although these remarks should not have been made,[5] as the state concedes, they were in part invited by defense counsel's questions of the state's witness and his own closing argument. See Ferguson v. State, 417 So.2d 639 (Fla. 1982); Lynn v. State, 395 So.2d 621 (Fla. 1st DCA), pet. for rev. denied, 402 So.2d 611 (Fla. 1981).
Improper remarks by the prosecutor during closing argument that are not objected to are only grounds for reversal if fundamental error has occurred. They must be so overwhelmingly prejudicial that neither rebuke nor retraction would cure the error. See Wilson; Jordan v. State, 419 So.2d 363 (Fla. 1st DCA 1982); Lynn; Petersen v. State, 376 So.2d 1230 (Fla. 4th DCA 1979), cert. denied, 386 So.2d 642 (Fla. 1980). We do not find that the comments in this case rise to that level, Maggard v. State, 399 So.2d 973 (Fla.), cert. denied, 454 U.S. 1059, 102 S.Ct. 610, 70 L.Ed.2d 598 (1981); Cochran v. State, 280 So.2d 42 (Fla. 1st DCA 1973), although we do not condone the improprieties.
AFFIRMED.
DAUKSCH, J., concurs.
SCOTT, R.C., Associate Judge, dissents without opinion.
NOTES
[1] § 810.02, Fla. Stat. (1981).
[2] § 316.1935 Fla. Stat. (1981).
[3] Wilson v. State, 294 So.2d 327 (Fla. 1974); Buckhann v. State, 356 So.2d 1327 (Fla. 4th DCA 1978); Reed v. State, 333 So.2d 524 (Fla. 1st DCA 1976); Thompson v. State, 318 So.2d 549 (Fla. 4th DCA 1975), cert. denied, 333 So.2d 465 (Fla. 1976).
[4] Peterson v. State, 376 So.2d 1230 (Fla. 4th DCA 1979), cert. denied, 386 So.2d 642 (Fla. 1980); Breniser v. State, 267 So.2d 23 (Fla. 4th DCA 1972). The state concedes that these comments as well as those of the prosecutor belittling Blackburn's defense as an attempt to hide behind alcohol should not have been made.
[5] Wilson; Simmons v. Wainwright, 271 So.2d 464 (Fla. 1st DCA 1973); Ailer v. State, 114 So.2d 348 (Fla. 2d DCA 1959).