460 So.2d 418 (1984)
Nester SAMUDIO, Appellant,
v.
STATE of Florida, Appellee.
No. 84-567.
District Court of Appeal of Florida, Second District.
November 14, 1984.
Rehearing Denied December 14, 1984.
Jerry Hill, Public Defender, and Larry G. Bryant, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
After reviewing the briefs and record on appeal in this case, we find that the appellant has failed to demonstrate any reversible error, and, accordingly, we affirm his convictions. Clerical errors in the court's written judgment and sentence *419 form, however, require that we remand for correction of that form.
The state of Florida charged the appellant with trafficking in cocaine, conspiracy to traffic in cocaine, and delivery of a controlled substance. At the conclusion of appellant's trial, the jury found him guilty of trafficking in cocaine, conspiracy to traffic in cocaine, and attempted delivery of a controlled substance. The trial court orally adjudicated appellant guilty of those offenses and subsequently sentenced him to serve fifteen years on the trafficking charge, fifteen years on the conspiracy charge, and five years on the attempted delivery charge. The written judgment form, however, reflects that the appellant was found guilty of delivery of a controlled substance rather than attempted delivery.
The court's written judgment and sentence must not vary from its oral pronouncement, Yates v. State, 429 So.2d 815 (Fla.2d DCA 1983), and the court's judgment must conform to the jury's verdict. Hicks v. State, 411 So.2d 1025 (Fla.2d DCA 1982). Therefore, the judgment and sentence form must be corrected to show that appellant was found guilty of attempted delivery of a controlled substance, was adjudicated guilty of that offense, and was sentenced for that offense.
We, accordingly, remand this cause to the trial court for correction of the error, but subject to our decision in State v. Samudio, 460 So.2d 419, affirm in all other respects.
Affirmed in part, reversed in part, and remanded.
HOBSON, A.C.J., and GRIMES, J., concur.