460 So.2d 419 (1984)
STATE of Florida, Appellant,
v.
Nester SAMUDIO, Appellee.
No. 84-1067.
District Court of Appeal of Florida, Second District.
November 14, 1984.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellant.
Jerry Hill, Public Defender, and Larry G. Bryant, Asst. Public Defender, Bartow, for appellee.
SCHOONOVER, Judge.
Appellant, the State of Florida, appeals from the judgment and sentences imposed against appellee, Nester Samudio. We agree with the state's contention that the trial court erred in sentencing Mr. Samudio, and, accordingly, we reverse.
*420 Mr. Samudio was found guilty of attempted delivery of a controlled substance, trafficking in cocaine (400 grams or more), and conspiracy to engage in trafficking in cocaine (400 grams or more). He was sentenced to serve five years on the attempted delivery charge, fifteen years on the trafficking charge, and fifteen years on the conspiracy charge. The fifteen-year sentences were to be served concurrently, and the five-year sentence was to be served consecutively to them.
The trial court refused to impose a mandatory-minimum sentence for the charges of trafficking and conspiracy, even though the amount of cocaine involved in each of the charges was in excess of 400 grams. The trial court also refused to impose a mandatory fine for either of the charges.
Since the amount of cocaine involved was in excess of 400 grams, a mandatory-minimum fifteen-year sentence and a fine of $250,000 was required for each of those charges. §§ 893.135(1)(b)3 and 893.135(4), Fla. Stat. (1983). Because the trial court refused to impose the appropriate sentences and fines, we must reverse and remand for resentencing. See State v. Bateman, 423 So.2d 577 (Fla. 2d DCA 1982); Martinez v. State, 417 So.2d 770 (Fla. 2d DCA 1982); State v. Taylor, 411 So.2d 993 (Fla. 4th DCA 1982).
We, therefore, reverse the sentences entered herein and remand with directions that the trial court sentence appellee to serve a mandatory-minimum term of fifteen years for each of the two convictions, to be served concurrently, and to impose the $250,000 fines required by law.
Subject to our decision in Samudio v. State, 460 So.2d 418, the judgment and sentences are affirmed in all other respects.
Affirmed in part, reversed in part, and remanded.
HOBSON, A.C.J., and GRIMES, J., concur.