SCHOONOVER, Judge.
Appellant, Nestor Samudio, seeks review of a final judgment and sentences entered against him. We find that the trial court erred in sentencing appellant to serve fifteen years for a third-degree felony, but affirm in all other respects.
Appellant was originally charged with delivery of a controlled substance, conspiracy to traffic in cocaine, and trafficking in cocaine. The jury found appellant guilty of attempted delivery of a controlled substance, conspiracy to traffic in cocaine, and trafficking in cocaine. The trial court orally adjudicated appellant guilty of those offenses and subsequently sentenced him to serve five years on the attempted delivery charge, fifteen years on the conspiracy charge, and fifteen years on the trafficking charge. The written judgment form reflected that appellant was found guilty of delivery of a controlled substance instead of attempted delivery of a controlled substance.
The appellant appealed the judgment and sentences. In Samudio v. State, 460 So.2d 418 (Fla. 2d DCA 1984), we upheld the convictions on all three charges but remanded to the trial court with instructions to correct the judgment and sentence form to show that appellant had been found guilty of attempted delivery of a controlled substance.
The state also appealed the sentences imposed upon appellant for the charges of conspiracy to traffic in cocaine and trafficking in cocaine. In State v. Samudio, 460 So.2d 419 (Fla. 2d DCA 1984), we reversed those sentences and remanded with directions that the trial court impose a mandatory-minimum fifteen year sentence on the conspiracy count to be served concurrently with a mandatory-minimum fifteen year sentence on the trafficking count. As required by statute, we directed the trial court to impose a $250,000 fine on appellant for each of the two charges.
Upon remand, all the errors were corrected except that appellant was left with a fifteen-year sentence on the attempted delivery charge. Because attempted delivery of a controlled substance is a third-degree felony for which the maximum sentence is five years imprisonment, section 775.-082(3)(d), Florida Statutes (1983), the fifteen-year sentence for attempted delivery of a controlled substance is improper.
We, accordingly, remand once again to the trial court with directions to correct the sentence imposed upon appellant for attempted delivery of a controlled substance. Upon remand, the trial court should correct *599 the sentence form to show that appellant has been sentenced to serve five years imprisonment on this charge. We affirm the judgment and sentences in all other respects.
Affirmed in part, reversed in part, and remanded.
GRIMES, A.C.J., and HALL, J„ concur.