487 So.2d 1137 (1986)
Fernando SASTRE and Atilano Dominguez, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 85-1476, 85-1679.
District Court of Appeal of Florida, Third District.
April 22, 1986.
Rehearing Denied May 20, 1986.
*1138 Weiner, Robbins, Tunkey & Ross and Peter Raben, Miami, for Fernando Sastre.
Bennett H. Brummer, Public Defender and Robert S. Shapiro, Sp. Asst. Public Defender, for Atilano Dominguez.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and DANIEL S. PEARSON, JJ.
BARKDULL, Judge.
Appellants, co-defendants, appeal their convictions of charges of trafficking in cocaine. The record discloses the following. Sastre was introduced to an undercover police officer by one "Obie." Obie was well-known to Sastre. The police considered Obie a confidential informant (CI) during all phases of the trial. Sastre testified that Obie said he was fearful of his (Obie's) life, unless Sastre helped him with a business deal. Sastre and Obie met the undercover officer, and a "buy" was set up at Sastre's apartment. When the undercover officer arrived, Sastre was there with co-defendant Dominguez. Dominguez led the police officer into one apartment while Sastre went into another. Soon thereafter, Sastre joined them carrying a tool box. The tool box was opened and Sastre removed a brown package. The undercover officer tested the cocaine and was assured by both defendants that it was of high quality. The officer went downstairs to get his "money man" (another undercover officer), and when they returned the defendants were arrested.
Sastre filed a pretrial motion to disclose the current address of Obie, the CI, which motion was denied. On appeal, Sastre argues that this was error, as the privilege of nondisclosure is inapplicable under the facts.
At trial, Sastre testified that he did not know the contents of the tool box until it was opened. The State rebutted this testimony by having the police officer state that co-defendant Dominguez took out a triple beam scale, used to weigh drugs. Dominguez contends that the prejudice resulting from this rebuttal testimony denied him a fair trial. Following a jury trial, both men were found guilty as charged. They were sentenced to 15 years minimum mandatory incarceration pursuant to Section 893.135, Fla. Stat. (1983). The instant appeals followed. The State has cross-appealed on the ground that the trial court erred in refusing to apply the mandatory fine pursuant to Section 893.135(1)(d)(3), Fla. Stat. (1983).
The defendant, Dominguez, contends the testimony of the police officer was inadmissible evidence of collateral criminal activity, that it would be relevant only to demonstrate defendant's propensity to commit crimes, and that it was highly prejudicial and served to deny defendant a fair trial.
The State replied that defendant's counsel did not object on the same ground as now raised on appeal, the objection has not been properly preserved for review, that *1139 the testimony was not evidence of other crimes as there is no crime in the possession of a scale, and any error in the admission of the testimony did not result in prejudice warranting a reversal.
We agree with the State's contention as to the appellant, Dominguez, based upon a review of the following authorities. Sireci v. State, 399 So.2d 964 (Fla. 1981); Williams v. State, 110 So.2d 654 (Fla. 1959); Adan v. State, 453 So.2d 1195 (Fla. 3d DCA 1984); Sarno v. State, 424 So.2d 829 (Fla. 3d DCA 1982); Mainor v. State, 415 So.2d 827 (Fla. 3d DCA 1982); Kujawa v. State, 405 So.2d 251 (Fla. 3d DCA 1981); Russell v. State, 270 So.2d 462 (Fla. 3d DCA 1972).
Defendant, Sastre, contends that the trial court erred in denying the request to produce the CI's current address. Production of the CI was necessary to prove and corroborate defendant's defense of entrapment and since the CI's identity was known to the defendant, the privilege of nondisclosure had disappeared. The State replied that Sastre had filed an unsworn motion to disclose the name and address of the CI. Since Sastre did not file a sworn motion or affidavit alleging why the identity/address of the CI would support his defense, the trial court's rejection of disclosure was proper. There was no abuse of discretion in denying disclosure and we find no error in the trial court's denial of the motion to reveal the name and address of the confidential informant. State v. Acosta, 439 So.2d 1024 (Fla. 3d DCA 1983); Beasley v. State, 354 So.2d 934 (Fla. 2d DCA 1978).
The State did argue on closing argument that the defendant, Sastre, did not produce any corroborating witness (Obie) and this may have been inadmissible argument. Araujo v. State, 452 So.2d 54 (Fla. 3d DCA 1984). However, no objection to this argument was made and we do not find it to be fundamental error. Gordon v. State, 469 So.2d 795 (Fla. 4th DCA 1985); Blackburn v. State, 447 So.2d 424 (Fla. 5th DCA 1984); Jordan v. State, 419 So.2d 363 (Fla. 1st DCA 1982).
The State on cross-appeal urges that the trial court committed reversible error in refusing to impose the mandatory fines pursuant to Section 893.135(1)(d)(3), Fla. Stat. (1983). The statute is mandatory in its terms as relates to a fine upon a conviction under Section 893.135(1)(d)(3), Fla. Stat. (1983).[1] This has been held to require the imposition of a fine unless the state requests otherwise (which did not occur in this cause). State v. Samudio, 460 So.2d 419 (Fla. 2d DCA 1984); State v. Bateman, 423 So.2d 577 (Fla. 2d DCA 1982); State v. Taylor, 411 So.2d 993 (Fla. 4th DCA 1982).
Therefore the matter will be returned to the trial court for resentencing by the assessing of the appropriate fines pursuant to Section 893.135(1)(d)(3), Fla. Stat. (1983).
The convictions under review be and the same are hereby affirmed. The matter is returned to the trial court for the purpose of imposing fines as additional penalties.
Affirmed in part, reversed in part with directions.
NOTES
[1] Section 893.135(1)(d)(3), Fla. Stat. (1983) provides:

"3. Is 400 grams or more, such person shall be sentenced to a mandatory minimum term of imprisonment of 15 calendar years and to pay a fine of $250,000."