NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| TOMMIE LEE GAY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D15-352 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Opinion filed June 15, 2016.

Appeal from the Circuit Court for
Hillsborough County; Lisa Campbell, Judge.

Howard L. Dimmig, II, Public Defender, and
Judith Ellis, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.

VILLANTI, Chief Judge.

In this Anders[1] appeal, Tommie Lee Gay appeals his judgment and

sentence for battery. We affirm the judgment and sentence imposed without comment.

However, because the written order of probation differed from the trial court's oral

---

[1]Anders v. California, 386 U.S. 738 (1967).

pronouncement of sentence, we reverse and remand for entry of a corrected written order of probation.

Gay was found guilty of battery (domestic violence, second or subsequent offense) following a jury trial. At sentencing, the trial court orally sentenced Gay to twenty-four months' probation and ordered him to complete fifty hours of community service at a minimum rate of four hours per month. The written order of probation mirrored the sentence pronounced in open court, except that the written order required the community service hours to be completed at a minimum rate of five hours per month.

A trial court's written sentence must conform to its oral pronouncement; when the two differ, that constitutes reversible error. See Rivera v. State, 34 So. 3d 207, 208 (Fla. 2d DCA 2010). In this case, the written order of probation differs from the trial court's oral pronouncement of sentence as to the rate at which Gay must complete his community service hours. Accordingly, we reverse and remand for the trial court to amend the written order of probation to conform to the trial court's oral pronouncement of this condition. In all other aspects, we affirm.

Affirmed in part, reversed in part, and remanded.


WALLACE and BADALAMENTI, JJ., Concur.