IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MICHAEL WOLCOFF,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-0742

_____/

Opinion filed July 18, 2016.

An appeal from an order of the Circuit Court for Duval County.
Jack M. Schemer, Judge.

Michael Wolcoff, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Angela R. Hensel, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      The appellant appeals the denial of a motion to correct illegal sentence filed

pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the denial of

the appellant's request for prison credit without further discussion. However, we reverse and remand for the trial court to correct the written sentence.

The appellant notes that his plea, and the oral pronouncement of sentence, called for the sentence in this case to be imposed concurrently to those imposed in Putnam County case 2011CF1320 and Clay County case 2012CF637. However, the written judgment and sentence does not indicate whether the sentence is to run concurrently or consecutively to any other sentences. Thus, the appellant alleges that the Department of Corrections is interpreting his sentence in this case as running consecutively to those imposed in cases 2011CF1320 and 2012CF637. The Department's interpretation of the sentencing documents appears to be correct, because when the written judgment and sentence is silent on the matter, and the sentences were imposed for crimes "charged in separate informations," the presumption is that the sentences are consecutive. See § 921.16(1), Florida Statutes (2001) ("Sentences of imprisonment for offenses not charged in the same indictment, information, or affidavit shall be served consecutively *unless* the court directs that two or more of the sentences be served concurrently.") (emphasis added); Bruce v. State, 679 So.2d 45, 46-47 (Fla. 3d DCA 1996) ("Where the trial judge fails to specify whether sentences imposed for offenses not charged in the same information or indictment be served concurrently, section 921.16(1) dictates that such sentences be served consecutively."). It is clear from the written plea

2

agreement and the oral pronouncement of sentence that the sentence in this case was meant to be imposed concurrently with any sentences imposed in case 2011CF1320 and case 2012CF637. Thus, we reverse and remand, in part, for the trial court to amend the sentencing documents to reflect that the sentence imposed in this case is to run concurrently with any sentences imposed in cases 2011CF1320 and 2012CF637. See Ashley v. State, 850 So. 2d 1265 (Fla. 2003) (holding that oral pronouncement of sentence controls over written documents). As this involves the correction of a scrivener's error, the appellant need not be present. See Walton v. State, 106 So. 3d 522 (Fla. 1st DCA 2013) (holding that a defendant need not be present at resentencing if the error to be corrected is purely ministerial or clerical, and involves no exercise of the court's discretion; ministerial or clerical corrections include changing the written sentence to conform to the oral pronouncement).

AFFIRMED in part, REVERSED AND REMANDED in part with directions.

BILBREY, KELSEY, and M.K. THOMAS, JJ., CONCUR.