NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TYRONE M. DEVLIN, JR.,           )
                                 )
          Appellant,             )
                                 )
v.                               )          Case No.  2D16-2479
                                 )
 STATE OF FLORIDA,               )
                                 )
          Appellee.              )
_____   )

Opinion filed August 4, 2017.

Appeal from the Circuit Court for Pasco
County; Susan G. Barthle, Judge.

Howard L. Dimmig, II, Public Defender, and
Pamela H. Izakowitz, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General, and
Kiersten E. Jensen, Assistant Attorney
General, Tampa, for Appellee.


LaROSE, Chief Judge.


        Tyrone Devlin, Jr., appeals his judgment and sentences following the

jury's return of guilty verdicts for burglary (count 1) and petit theft (count 2).  We have

jurisdiction.  See Fla. R. App. P. 9.140(b)(1)(A), (F).  We affirm Mr. Devlin's judgment

and sentences but remand for correction of several scrivener's errors pertaining to

count 2.

Despite being found guilty on count 2 of the lesser included offense of misdemeanor petit theft, the judgment incorrectly reflects that Mr. Devlin was convicted in count 2 of the charged offense of grand theft, a third-degree felony. See Samudio v. State, 460 So. 2d 418, 419 (Fla. 2d DCA 1984) ("[T]he court's judgment must conform to the jury's verdict." (citing Hicks v. State, 411 So. 2d 1025 (Fla. 2d DCA 1982))). Further, although the sentencing transcript reflects that the trial court imposed a time-served disposition on count 2, the written sentence indicates that he received a ten-year prison term. See §§ 775.082(4)(a) (authorizing a term of imprisonment not exceeding one year for a first-degree misdemeanor); 812.014(2)(e), Fla. Stat. (2015). Consequently, remand is required to ensure that the written sentence comports with the trial court's oral pronouncement. See Rivera v. State, 117 So. 3d 449, 449 (Fla. 2d DCA 2013) ("Because the written sentences do not comport with the trial court's oral pronouncement, we must remand for correction of the written sentences to reflect the oral pronouncement.").

Because correction of these scrivener's errors is a ministerial act, Mr. Devlin's presence is not required. See Wolcoff v. State, 197 So. 3d 111, 112 (Fla. 1st DCA 2016).

Affirmed; remanded to correct scrivener's errors.


NORTHCUTT and KELLY, JJ., Concur.