IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

HECTOR ENRIQUE MOJICA PHIPPS,

        Appellant,

v.                                              Case No.     5D21-2221
                                                LT Case No. 2018-CF-010448-A-O

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed December 22, 2022

Appeal from the Circuit Court
for Orange County,
Luis Fernando Calderon, Judge.

Matthew J. Metz, Public Defender, and
Edward J. Weiss, Assistant Public
Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Richard Alexander
Pallas, Jr., Assistant Attorney General,
Daytona Beach, for Appellee.

SASSO, J.

        Appellant, Hector Enrique Mojica Phipps, appeals his judgments and

sentences, arguing that the trial court erred, inter alia, in overruling his

hearsay objection to the weight of the controlled substances in Florida

Department of Law Enforcement reports, which the State entered into evidence. The State responds by arguing that the trial court did not abuse its discretion in overruling any hearsay objections, and, even if it did, any error was harmless. We agree with the State that any error was harmless in light of the several unobjected-to statements offered by the investigating officer regarding the weight and nature of the controlled substances at issue. As a result, we affirm.

AFFIRMED.

TRAVER, J., concurs.
COHEN, J., concurs in part and dissents in part, with opinion.

COHEN, J., concurring in part and dissenting in part.

Hector Mojica Phipps ("Phipps") was convicted of a series of crimes related to the sale of heroin and fentanyl. Only counts 1 and 2, which charged trafficking in 28 grams or more of heroin and fentanyl, respectively, are implicated in this appeal.

Phipps raises two issues. I concur in the majority's determination as to the first issue, the removal of Phipps' counsel, but dissent as to the second: whether the trial court erred by admitting hearsay testimony regarding the weight of the substances.[1]

At trial, for reasons which are not contained in our record on appeal, the State did not present the testimony of the Florida Department of Law Enforcement ("FDLE") chemists who initially tested and weighed the drugs. Instead, the State called two analysts who simply read the weights off of the reports generated by the original chemists. As such, neither of the two witnesses who testified as to the weight of the drugs had any personal knowledge of those facts other than what they read in the reports. See §

---

[1] Phipps does not challenge the analysts' testimony as to the nature of the substances. Nor does Phipps raise a Sixth Amendment Confrontation Clause issue. See State v. Johnson, 982 So. 2d 672 (Fla. 2008).

90.604, Fla. Stat. (2021) ("Except as otherwise provided in s. 90.702, a witness may not testify to a matter unless evidence is introduced which is sufficient to support a finding that the witness has personal knowledge of the matter."). Although expert witnesses may rely on reports to formulate their own opinions, pursuant to section 90.704, Florida Statutes (2021), here the witnesses only developed opinions as to the identification of the substances, not their weights. Because the analysts merely read off of reports prepared by the initial, non-testifying analysts, it was error to admit their testimony as to weight.

The issue then becomes whether the admission of that testimony constitutes harmless error.[2] Howitt v. State, 266 So. 3d 219, 223 (Fla. 5th DCA 2019) ("The improper admission of evidence is subject to a harmless error analysis.") (citation omitted). "The State has the burden 'to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.'" Id. at 224 (quoting State v. DiGuilio, 491 So. 2d 1129, 1135 (Fla. 1986)). To establish trafficking in a controlled

---

[2] The State did not concede that the admission of the testimony as to weight was erroneous and only argues alternatively that any admission of such testimony constitutes harmless error.

substance of a specified amount, the State must establish the weight of the substance beyond a reasonable doubt. See Greenwade v. State, 124 So. 3d 215, 220 (Fla. 2013) ("To support a conviction for trafficking . . . , the State must prove three essential elements beyond a reasonable doubt: (1) the defendant knowingly sold, purchased, manufactured, brought into the state, or actively or constructively possessed a certain substance; (2) the substance was [the identity charged]; and (3) the quantity of the substance met the statutory weight threshold.").

The State contends that there is no reasonable possibility that the error affected the trafficking verdict due to other evidence of the weight of the substances, including Agent Rodriguez's testimony that he purchased 30 grams of the contraband from Phipps, the related audio and video recordings negotiating that amount, and the physical evidence of the unweighed contraband. But this "other evidence" refers to the presumed weight, not the measured weight—no quantitative analysis was provided; Agent Rodriguez was never proffered as an expert as to the weight of the drugs nor did he offer an opinion, pursuant to his visual inspection of the physical evidence, as to their precise weights. Cf. Brooks v. State, 762 So. 2d 879, 894 (Fla. 2000) (holding that, to prove trafficking, drug dealer or law enforcement officer may offer expert testimony as to weight pursuant to a visual inspection

5

if proper predicate has been laid).[3] Instead, Agent Rodriguez's testimony as to the weight of the controlled substances was merely based on negotiations leading up to the sale of drugs.

A harmless error analysis is a strict one that places a heavy burden on the State. DiGuilio, 491 So. 2d at 1136; Burns v. State, 699 So. 2d 646, 657 (Fla. 1997) (referring to DiGuilio harmless error test as "a strict one placing a heavy burden on the State"). Yet, under the State's theory, it was not necessary to weigh the drugs because Phipps represented to Agent Rodriguez that Agent Rodriguez was purchasing 30 grams and, based on that communication, Agent Rodriguez testified that he purchased 30 grams.[4] Effectively, the State is relying on the veracity of a drug dealer regarding the weight of the drugs sold. This reliance is undermined by the fact that not only were each of the purchases under 30 grams according to the initial chemists,

---

[3] In Brooks, and in the cases Brooks relies upon for examples of when a drug dealer or narcotics officer may testify as to weight, the contraband was not available for quantitative testing by a chemist. Id. at 894 (holding drug dealer who observed contraband before it disappeared could testify as to approximate weight); State v. Gilbert, 507 So. 2d 637, 638 (Fla. 5th DCA 1987) (holding that narcotics officer could testify as to approximate weight of contraband that he saw defendant remove from his backpack, tear open, and throw into a pond); Madruga v. State, 434 So. 2d 331, 331 (Fla. 3d DCA 1983) (permitting narcotics officer to testify as to approximate weight of contraband he had delivered to defendants that was later destroyed before it could be tested).

[4] This would not impact conspiracy or attempt charges.

albeit slightly, but on more than one occasion the heroin that Agent Rodriguez purportedly purchased from Phipps was determined—by subsequent scientific testing—to be fentanyl.

In sum, the testimony of the two chemists as to the weight of the controlled substances was improperly admitted. As a result, the State has the burden to prove beyond a reasonable doubt that the error did not affect the verdict. Howitt, 266 So. 3d at 224. The State had a number of ways to meet that high burden. It could have presented the testimony of the analysts who actually weighed the drugs, as it did for the other trafficking charges. It could have had the analysts who testified at trial reweigh the drugs. It could have attempted to qualify the narcotics officer as an expert on assessing weight per visual inspection. Having made no such efforts at quantitative analysis, the State failed to meet its burden. Therefore, I would reverse the trafficking convictions and remand for entry of judgments and sentences for the lesser included offenses of possession.[5]

---

[5] Granted, given that the sentences were imposed to run concurrently with longer sentences for counts not challenged on appeal, the reduction of these two trafficking counts to simple possession would have no effect on the amount of prison time Phipps will serve. Still, as part of his permanent criminal record, the judgments could provide a basis for future sentencing enhancements. Regardless, our role is to correct error, and the State's attempted shortcut to establish the weight for these two counts cannot be condoned simply because Phipps is already serving a 25-year minimum mandatory sentence on other counts.