DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JASON LAMAR GILBERT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-223

[August 23, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Suskauer, Judge; L.T. Case No. 50-2020-CF-001538A.

Carey Haughwout, Public Defender, and Christine C. Geraghty, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Jason Lamar Gilbert appeals his judgment and sentence following the jury's return of a guilty verdict for first degree murder. We affirm the judgment and sentence without comment on the issues raised, but remand solely to correct an error in the judgment.

Appellant argues that the final judgment contains a scrivener's error requiring reversal, and the State properly concedes error. This court has previously remanded final judgments in other criminal cases for correction where the judgment did not accurately reflect the offenses for which the defendant was convicted. *See Ali v. State*, 215 So. 3d 1250, 1251 (Fla. 4th DCA 2017); *Widel v. State*, 120 So. 3d 68, 69 (Fla. 4th DCA 2013). The purpose of correcting a scrivener's error in a criminal judgment is to ensure the judgment conforms with the jury's verdict. *See Samudio v. State*, 460 So. 2d 418, 419 (Fla. 2d DCA 1984) ("[T]he court's judgment must conform to the jury's verdict.").

Here, the final judgment reflects that appellant was convicted of felony murder under section 782.04(1)(a)2., Florida Statutes (2020), despite the State not pursuing the felony murder charge at trial. Although the trial court entered an order granting appellant's motion to correct the error, that order was ineffective because it was filed more than sixty days after appellant's motion was filed. *See* Fla. R. Crim. P. 3.800(b)(2)(B) ("[I]f the trial court does not file an order ruling on the motion within 60 days, the motion shall be deemed denied.").

This scrivener's error can be corrected through a ministerial act by the trial court rather than reversing the judgment, and without the need for a resentencing hearing. *See Prentice v. State*, 319 So. 3d 57, 62 (Fla. 4th DCA 2021) ("Since correction of the written judgment in this case is a ministerial act, neither resentencing nor Appellant's presence is required for this purpose."). Therefore, appellant's presence in court is not required for the trial court to make this correction. *See id.*; *Wolcoff v. State*, 197 So. 3d 111, 112 (Fla. 1st DCA 2016) (noting a defendant is not required to be present for the correction of a scrivener's error on remand).

*Affirmed; remanded to correct scrivener's error.*

KLINGENSMITH, C.J., CONNER and FORST, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***