DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

HAROLD ANTHONY REEVES,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-2557
_____

July 9, 2025

Appeal from the Circuit Court for Hillsborough County; Kimberly K. Fernandez, Judge.

Blair Allen, Public Defender, and Caroline Joan S. Picart, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Taylor A. Schell, Assistant Attorney General, Tampa, for Appellee.


PER CURIAM.

Harold Anthony Reeves appeals from his judgment and sentences for one count of armed burglary of a conveyance, fifteen counts of burglary of an unoccupied conveyance, one count of petit theft, and one count of grand theft firearm. The trial court orally sentenced Mr. Reeves to four years' imprisonment for the grand theft firearm charge. However, the written judgment and sentence states that Mr. Reeves was sentenced

to four years' imprisonment followed by one year of probation for this charge.  Mr. Reeves filed a motion to correct sentencing error, asking the trial court to correct various points of the written sentence, including the addition of probation to the grand theft firearm sentence.  Although the trial court ultimately corrected other aspects of the written sentence, it failed to address this issue during the motion hearing.

Because the written sentence for Mr. Reeves must conform to the oral pronouncement, we reverse and remand this case to the trial court for correction of the written sentence to remove the reference to probation and reflect four years' imprisonment for the grand theft firearm count.  *See Cabrera-Toledo v. State*, 319 So. 3d 806, 807 (Fla. 2d DCA 2021) ("A trial court's written sentence must conform to its oral pronouncement; when the two differ, that constitutes reversible error." (quoting *Gay v. State*, 193 So. 3d 1069, 1070 (Fla. 2d DCA 2016))); *Parker v. State,* 276 So. 3d 108, 109 (Fla. 1st DCA 2019) ("Where there is a discrepancy between the oral pronouncement and the written sentence, we should remand for the trial court to conform the written sentence to the oral pronouncement." (quoting *Frost v. State*, 769 So. 2d 443, 444 (Fla. 1st DCA 2000))).  In all other respects the judgment and sentences are affirmed.  Since this correction will be a ministerial act, Mr. Reeves need not be present.  *See Devlin v. State*, 224 So. 3d 803, 804 (Fla. 2d DCA 2017).

Affirmed in part; reversed in part; remanded.

LUCAS, C.J., and VILLANTI and KHOUZAM, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.